IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

|  |  |  |
|---|---|---|
| AMERICA ONLINE, INCORPORATED, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No.  05-0344 |
| CHRISTOPHER WILLIAM SMITH, <u>et al.</u>, | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

This matter comes before the Court on Plaintiff's Motion for Summary Judgment.  Plaintiff filed this action against Defendants on March 29, 2005, alleging that Defendants violated the CAN-SPAM Act of 2003, 15 U.S.C. §§ 7701-7713 (Supp. 2005), the Virginia Computer Crimes Act, Va. Code Ann. §§ 18.2-152.1 to 18.2-152.15 (Supp. 2005), and other state laws by transmitting billions of unsolicited bulk e-mail (UBE) messages to Plaintiff and its members.  This Court has jurisdiction based on 28 U.S.C. § 1331 (2000), because there are questions of federal law raised.  The Court also has jurisdiction over the claims that do not raise a question of federal law through both 28 U.S.C. § 1367, because the state law claims arise from a common nucleus of operative fact as the claims that involve a question of federal law, and

independently through 28 U.S.C. § 1332, because the parties are completely diverse and the amount in controversy exceeds the statutory requirement.

Defendants filed a Joint Answer on May 4, 2005. Thereafter, Defendants refused to participate in this case, willfully disregarding their discovery obligations and failing to comply with multiple court orders. As a result of Defendants' failure to participate in discovery and their refusal to obey court orders, on September 2, 2005, this Court granted Plaintiff's Motion for Terminating Sanctions, ordering that Defendants shall not oppose any claim or introduce evidence and striking the affirmative defenses.

A court should grant summary judgment when "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. A court must regard the evidence in the most favorable light to the nonmoving party. Seabulk Offshore, Ltd. v. Am. Home Assurance Co., 377 F.3d 408, 418 (4th Cir. 2004). Once a summary judgment motion is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). There are no material facts in dispute, and this case is ripe for summary judgment.

The Court finds that Plaintiff's mail servers and UBE filters have a finite processing speed and memory storage capacity that limit Plaintiff's ability to receive, sort, deliver and store e-mail and thus limit the rate at which e-mail can be processed.  Plaintiff's e-mail system must spend time processing e-mails to distinguish legitimate e-mail from UBE.  UBE impairs the delivery of legitimate e-mail and the functioning of Plaintiff's computer network.  UBE messages further harm Plaintiff by triggering member complaints, thus damaging its business reputation.

At all relevant times, Plaintiff has prohibited the transmission of UBE messages through its system to its members because Plaintiff's system is disrupted by UBE.  Plaintiff's Terms of Service and Plaintiff's UBE Policy prohibit its members from using the service to transmit unsolicited e-mail messages, and also bar the Internet community from sending UBE to Plaintiff.  Defendant Smith is a member of Plaintiff's Internet service and is, therefore, aware of its policy against UBE.

Plaintiff's members have specifically reported the UBE at issue in the Complaint.  The UBE at issue in this case variously advertised digital cable TV descramblers, sexually explicit websites, drugs to enhance the male sex organ, "generic Viagra," and online college degrees.  Defendant Smith transmitted or

caused the transmission of the UBE messages at issue in this case.  Defendant Smith began transmitting UBE messages to Plaintiff's members on a daily basis at least as early as January 1, 2003, and continued to transmit or cause the transmission of UBE messages to Plaintiff's members daily until at least August 1, 2003, a period of at least 213 days.

Defendant Smith used a number of fraudulent and deceptive methods to evade Plaintiff's e-mail filters and to hide his true identity and thereby make it more difficult to discover who was responsible.  These methods include the use of multiple IP addresses, which were stolen from their legitimate owners, to transmit messages and host websites, and the use of false or misleading header information.  Defendant Smith transmitted or caused the transmission of UBE messages to Plaintiff's members using the multiple IP addresses stolen or "hijacked" from their legitimate owners.

Defendant Smith attempted to present himself as operating a legitimate Internet Service Provider with purportedly real clients as a cover for his spamming operations.  Defendant Smith instructed his employees to falsify the header information on the UBE messages, so that it would be more difficult to identify the sender of the e-mail.  Specifically, Defendant Smith directed that the "From" lines and the network paths be falsified in order

to conceal the fact that the messages originated from his data center.

Plaintiff maintains computers and a computer network in the Commonwealth of Virginia through which it acts as an intermediary in sending or receiving e-mail and provides its members the ability to send or receive e-mail, and as such is an "Electronic Mail Service Provider" as defined in Virginia Code § 18.2-152.2. The e-mail and electronic message services Plaintiff provides constitute "computer services" pursuant to Virginia Code § 18.2-152.2. Defendant Smith willfully used Plaintiff's computers and computer network with the intent to obtain computer services "without authority," as that term is defined in Virginia Code § 18.2-152.2, by transmitting UBE messages in contravention of the authority granted by Plaintiff and in violation of Plaintiff's UBE Policy. Defendant Smith obtained access to and used Plaintiff's computers and computer network without authority and with the intent to obtain the use of Plaintiff's property and services by false pretenses.

Defendants used a computer or a computer network with the intent to falsify or forge e-mail transmission information or other routing information in connection with the transmission of UBE through or into Plaintiff's computer network or its members. Defendants have falsified or forged electronic mail transmission

5

information or other routing information in connection with the transmission of their UBE messages through Plaintiff's computers and computer network.  Defendants' acts have caused injury to Plaintiff, Plaintiff's computers and computer network, and to Plaintiff's business relations and reputation.  Therefore, the Court holds that Plaintiff's Motion for Summary Judgment should be granted because there is no genuine issue of material fact.

According to the statute, Plaintiff is entitled to statutory damages, attorney's fees, and costs.  Va. Code Ann. § 18.2-152.12.  The statutory damages amount to $25,000.00 per day for each day that a violation took place.  <u>Id.</u>  The Court found that a violation took place on 213 separate days, so Plaintiff is awarded $5,325,000.00 in statutory damages.  The Court finds that the amount of money requested by Plaintiff for attorney's fees and costs in its Motion for Summary Judgment, $287,059.36, is reasonable and should be granted.  Finally, in order to prevent future harm, the Court finds that Plaintiff's request for permanent injunctive relief is proper and grants the proposed language that Plaintiff included with its Motion for Summary Judgment.

An appropriate order shall issue.

/s/
_____
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
January 24, 2006