IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| AMERICA ONLINE, INCORPORATED, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.  05-0344 |
| CHRISTOPHER WILLIAM SMITH, et al., | ) |
| Defendants. | ) |

**ORDER**

For the reasons stated in the accompanying Memorandum Opinion, it is hereby

ORDERED that Plaintiff's motion is GRANTED and Defendants John Does 1-20 are dismissed without prejudice; Counts V- IX of Plaintiff's Complaint are dismissed without prejudice; judgment is entered for the Plaintiff against Christopher William Smith and Advistech, S.A. in the amount of $5,325,000.00 and attorneys fees and costs in the amount of $287,059.36; and it is further ORDERED that Defendants Christopher William Smith and Advistech, S.A., their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, are permanently enjoined from directly or indirectly:

1. Creating, registering, or maintaining any e-mail account, IP address, website or internet domain by providing false or misleading information to any provider of such services or to any domain-name or IP address registering authority, and using such account, address, website or internet domain in connection with the transmission of commercial electronic communications;

2. Sending or transmitting, or directing, aiding, facilitating, or conspiring with others to send or transmit any commercial e-mail, or commercial electronic communication, bearing false, fraudulent, anonymous, inactive, deceptive, incomplete, or invalid header information, including without limitation the names of fictitious persons in the "from" or "reply to" lines of the header;

3. Sending or transmitting, or directing, aiding, facilitating, or conspiring with others to send or transmit any commercial e-mail or other commercial electronic communication of any kind, to or through Plaintiff or its members in a manner designed to evade Plaintiff's anti-spam filtering and blocking processes or to obscure Defendants' connections to the

      transmission or to the products or services advertised or promoted therein;

4. Sending or transmitting, or directing, aiding, facilitating, or conspiring with others to send or transmit any commercial e-mail, or commercial electronic communication without providing within the body of the message a legal (not fictional) name of a true sender of the e-mail or communication, meaning the legal name of a natural person or the name of the incorporated legal entity who paid for the transmission of the message and whose services or products are promoted within the body of the message, together with such person or entity's legal residence or designated address for accepting service of process;

5. Sending or transmitting, or directing, aiding, facilitating, or conspiring with others to send or transmit any commercial e-mail, or commercial electronic communication, without providing within the body of the message a "valid physical postal address," meaning either (a) the geographic street address where the sender conducts its actual business operations (e.g., principal place of business); or (b) as to a corporation, the corporation's designated address for

        accepting service of process;

6. Sending or transmitting, or directing, aiding, facilitating, or conspiring with others to send or transmit any e-mail, or electronic communication with false or misleading subject lines, including without limitation, subject lines which suggest a prior or pending business transaction where none has, in fact, transpired;

7. Sending or transmitting, or directing, aiding, facilitating, or conspiring with others to send or transmit any electronic communication of any kind, to or through Plaintiff or its members, in a manner that does not fully comply with all then-publicly available e-mail policies published by Plaintiff, including Plaintiff's Online E-mail Guidelines (currently available at http://postmaster.info.aol.com/guidelines/index.html);

8. Using, or directing, aiding, facilitating or conspiring with others to use Plaintiff's computers or computer networks in any manner, directly or indirectly, in connection with the transmission of any unlawful electronic communication across the Internet;

9. Opening, creating, obtaining access to, and/or using in

>    any way, or directing, aiding, facilitating, or conspiring with others to open, create, obtain access to, and/or use in any way, any membership or account with Plaintiff by providing any false or misleading information; and
>
> 10. Acquiring, compiling or transferring for commercial purposes Plaintiff's member's e-mail addresses or e-mail addresses that contain "aol" in the domain or any other domain name registered to Plaintiff.

/s/

_____
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
January 24, 2006